**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-91-190 |
| | § | |
| JEFF LYNN TODD, | § | |
|    Defendant. | § | |

**MEMORANDUM OPINION AND
ORDER DENYING MOTION FOR JAIL CREDIT**

Pending before the Court is a letter motion filed by Defendant Jeff Lynn Todd, which has been docketed as a "Motion for Jail Credit." (D.E. 58.) In it, Todd requests that this Court order that the revocation sentence it imposed on July 14, 1995 be served concurrent with his state sentence imposed for the offense of Robbery in Rockport, Texas, in Cause No. A-95-0019-CR. The letter explains the background of the robbery and why he took money that he thought he was rightly owed. It also explains that he was in trouble initially while in custody, but has recently become a changed man and has attempted to rehabilitate himself.

He acknowledges that the Court specifically ordered that his revocation sentence be served consecutively to his sentence on the robbery charge, but asks that the Court modify that ruling and instead order that the two sentences be served concurrently. Because the judgment orders that Todd's sentence be served consecutive to his state sentence, his request that this Court run the sentences concurrent can only be construed as a motion to alter or reduce his sentence.

This Court has authority to modify or correct a previously imposed sentence, however, only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Todd fails to assert grounds for modification that fall into any of the categories. Therefore, the Court does not have authority to alter his sentence and his motion for jail credit or for concurrency (D.E. 58) is DENIED.

To the extent that Todd wishes to challenge the manner in which the Bureau of Prisons is computing his sentence, the proper vehicle for such a challenge is a motion pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241). See also Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003) (analyzing

claim for credit to sentence under § 2241). He does not allege that the BOP has erroneously calculated his sentence, however, nor has he indicated any intent to have his letter motion construed as a § 2241 motion. The Court therefore declines to construe it as such.

## **CONCLUSION**

For the foregoing reasons, Todd's letter motion for jail credit (D.E. 58) is construed as a motion to reduce his sentence and is DENIED.

It is so ORDERED this 5th day of February, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE